Díaz, Demandante y Apelante, *v.* Sánchez Morales & Cía., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 1830.—Resuelto en julio 26, 1918.

Daños y Perjuicios—Evidencia Contradictoria—Decisión de la Corte.—No procede revocar el fallo de una corte, en apelación, cuando la evidencia practicada ante la misma es contradictoria y la corte resolvió el conflicto, a no ser que se demuestre que el juez actuó movido por pasión, prejuicio o parcialidad, o que cometió algún error manifiesto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Leopoldo Tormes.*

La parte apelada no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Gregorio Díaz, mayor de edad, vecino de Ponce, demandó a Sánchez Morales y Cía., una sociedad mercantil que se dedica, entre otros negocios, a la venta de automóviles, en reclamación de dos mil pesos por daños y perjuicios que uno de sus empleados le causara del modo siguiente: El 15 de junio de 1917 Gregorio Díaz caminaba despacio montado en una bicicleta por la calle Mayor de la ciudad de Ponce y al llegar a la esquina de la calle del Comercio fué arrollado por un automóvil de la demandada guiado por Oscar Alvarez Torres, su empleado, de una manera negligente y descuidada, siendo la negligencia y el descuido la causa del accidente, a consecuencia del cual sufrió Díaz graves golpes

que le hicieron guardar cama durante un mes necesitando asistencia médica. Tal es, en resumen, la demanda.

La parte demandada aceptó el hecho del accidente pero negó que se debiera a la culpa y negligencia de su empleado y alegó que se debía a la culpa y negligencia del propio demandante.

Trabada así la contienda, se celebró la vista. El demandante y varios testigos declararon. La tendencia de sus declaraciones es la de demostrar que el auto caminaba velozmente por un sitio peligroso y que no tocó bocina. La prueba del demandado consistió en la declaración de su *chauffeur* y en la de su agente en la ciudad de Ponce. Oscar Alvarez Torres declaró que caminaba despacio por exigirlo así el sitio por donde iba y que tocó la bocina; "que iba a dar la vuelta como para la plaza 'Degetau' pero al hacerlo notó que de allá para acá venía una bicicleta en sentido contrario a bastante velocidad; que el de la bicicleta venía por su izquierda, o sea la derecha del declarante, y al ver que venía por su derecha desvió el carro para darle paso por la izquierda, o sea por la derecha del declarante, pero en vista de que entonces quiso coger su derecha detuvo el carro y como iba tan despacio instantáneamente paró también el motor en seguida; que el individuo parece que iba a tanta velocidad, o no era muy práctico en el manejo de la bicicleta, y además llevaba una lata de manteca en las manos, que no pudo tener el equilibrio necesario y por el lado derecho del carro tropezó con la rueda del frente derecho y se quedó recostado sobre el guardalodo, sentado en la misma bicicleta." El agente se refirió a las buenas cualidades del *chauffeur*.

A petición del demandado a la cual se unió el demandante la corte de distrito practicó una inspección ocular de cuyo resultado no hay constancia en la exposición del caso. A ella se refiere el juez sentenciador, en su opinión, así:

"La inspección se practicó con asistencia de los abogados de las partes y las partes personalmente, sirviéndose para la demos-

tración, del mismo auto 'Overland' de seis cilindros del año 1917 que causó el accidente.

"Se sacó en conclusión de la inspección personal que el accidente ocurrió al doblar el auto la calle Mayor siguiendo por la del Comercio hacia el oeste y viniendo la bicicleta del demandante, quien la montaba en aquel momento, en sentido contrario por la calle del Comercio.

"Se encontró que esta esquina y especialmente la calle del Comercio entre 'El Día' y el 'Crédito y Ahorro Ponceño' es muy estrecha, midiendo solamente cuatro varas y media próximamente.

"De la inspección apareció también probado, sin temor alguno de duda, que la bicicleta no chocó con el frente del automóvil, sino que chocó con el lado derecho del bonete del mismo, lo que indica que el automóvil no había doblado todavía la esquina. Se probó sin duda alguna por la inspección, que doblando el automóvil por esa esquina ocupada casi todo el ancho de la calle en la doblada; también se examinó la bicicleta que montaba ese día el demandante, y que está depositada en el Cuartel de la Policía Insular, y se encontró que tenía varios rayos rotos de la rueda delantera."

Sometido finalmente el caso a la resolución de la corte, lo decidió en contra del demandante. En su opinión dijo el juez de distrito:

"La corte ha examinado detenidamente la evidencia que se ha presentado en este caso, que ha sido contradictoria, y después de un estudio detenido de la misma, no ha podido llegar a la conclusión de que el hecho ocurrió por negligencia de la demandada ni por su demostrador entonces y allí, Oscar Alvarez Torres. Más bien se inclina a creer la corte que el choque que causó al demandante Gregorio Díaz las lesiones alegadas en la demanda fuera debido a un accidente desgraciado, pero del cual no aparece, como se deja dicho, responsable la demandada, porque no se ha demostrado satisfactoriamente negligencia de su parte."

Sostiene el demandante y apelante en su alegato que la corte erró al consignar que la evidencia había sido contradictoria, al declarar que el hecho se debió a un accidente desgraciado, y al decidir que no había habido negligencia por parte de la demandada.

Hemos examinado la evidencia y es a nuestro juicio contradictoria. No importa que se tratara del *chauffeur*. Al

igual que el demandante declaró bajo juramento. Fué un testigo y la corte que escuchó la declaración de sus propios labios, que pudo observar la expresión de su rostro y su actitud mientras declaraba, lo mismo que con respecto al demandante y a sus testigos, decidió el conflicto en favor de la demandada.

No se ha demostrado que el juez actuara movido por pasión prejuicio o parcialidad, ni que cometiera error manifiesto alguno, y en tal virtud, de acuerdo con la repetida jurisprudencia de este tribunal, procede la confirmación de la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.